UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| HANYUAN DONG, | ) |
| Plaintiff | ) ) ) ) |
| vs. | ) CAUSE NO. 2:08-CV-192 RM ) |
| VIRGINIA GARCIA, | ) ) ) |
| Defendant | ) |

OPINION and ORDER

Virginia Garcia has moved to bar the testimony of the plaintiff's experts, Dr. Eric Larson and Jennifer Barthel, based on Hanyuan Dong's lack of compliance with Federal Rule of Civil Procedure 26. Although Ms. Garcia hasn't specified the legal basis for her request, Federal Rule of Civil Procedure 37(c)(1) addresses the sanctions available for a party's failure to make the disclosures required by Rule 26. Ms. Garcia asks the court to exclude or limit the testimony of Mr. Dong's experts. Mr. Dong hasn't responded to Ms. Garcia's motion.

Rule 26(a)(2) details the necessity of and the procedures for disclosing the identity and opinions of expert witnesses. Mr. Dong was directed to deliver his expert witness disclosures and reports to opposing counsel on or before April 24, 2009. *See* Ord. of Magistrate Judge Rodovich, dated Sept. 26, 2008. Ms. Garcia says that deadline passed without any disclosures or reports from Mr. Dong. According to Ms. Garcia

(1) Mr. Dong didn't disclose the name of Dr. Eric Larson as an expert witness or the name of Jennifer Barthel as a fact or expert witness until August 24, 2009;

(2) to date, Mr. Dong hasn't provided expert reports from Dr. Larson or Ms. Barthel; and

(3) while Dr. Larson was deposed and at that deposition Ms. Garcia's counsel was provided with a copy of Dr. Larson's neuropsychological testing report of Mr. Dong, Mr. Dong's Rule 26(a)(2) disclosure relating to Dr. Larson contains information that wasn't disclosed by Dr. Larson at his deposition or in his neuropsychological testing report and other information that is contrary to the opinions Dr. Larson provided at his deposition.

Mr. Dong hasn't challenged any of Ms. Garcia's statements.

Under Federal Rule of Civil Procedure 37(c), a party who fails to comply with Rule 26(a) may be prohibited from using the evidence in question: "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). Analysis under Rule 37(c)(1) requires the court to determine, first, whether substantial justification exists for failing to make the required disclosures, and, second, whether the failure to disclose is harmless.

"Substantial justification" is satisfied when there is a genuine dispute regarding compliance or when "reasonable people could differ as to [the appropriateness of the contested action]." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Mr. Dong hasn't demonstrated substantial justification for his late disclosure of expert names under Rule 26(a)(2)(A) or his non-compliance with the written report requirements of Rule 26(a)(2)(B). And even though Ms. Garcia had an opportunity to depose Dr. Larson, she maintains couldn't question Dr. Larson about certain information that was undisclosed to her before that deposition. Mr. Dong's non-compliance with the requirements of Rule 26(a)(2)(B) wasn't harmless.

"[T]he sanction of exclusion is automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. 1996); *see also* Salgado by Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir. 1998). Mr. Dong hasn't shown that his failure to comply with Rule 26(a)(2) was justified or harmless. Accordingly, the court GRANTS Ms. Garcia's motion to strike the expert testimony of Dr. Eric Larson and Jennifer Barthel [docket # 27].

SO ORDERED.

ENTERED:     November 12, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court